[No. 2704.  Decided May 5, 1898.]

JOHN SHEPICH, *as Guardian, Appellant,* v. KENT LUM-
BER COMPANY, *Respondent.*

SALES — ASSIGNMENT OF CONTRACT — LIABILITY FOR PRICE.

The fact that persons obligated for the payment of the pur-
chase price of standing timber under a contract with the owner
of the land, subsequently incorporate and assign all their interest
in the contract to the corporation, would not render the corpora-
tion liable for the purchase price, in the absence of a specific
promise on its part to pay the land owner for the timber.

Appeal from Superior Court, King County.—Hon.
E. D. BENSON, Judge.  Affirmed.

*Brady & Gay,* and *Milo A. Root,* for appellant.
*John G. Barnes,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—Steglich entered into an agreement with
Lysander and A. E. Smith on the ninth of December, 1892,
which substantially states that Steglich, in consideration
of payments hereinafter mentioned, to be paid by the
Smiths, did grant, sell, convey and confirm unto said
Smiths all the merchantable timber, down and standing,
on certain described premises, and it is understood and
agreed that the Smiths have the right and privilege of
constructing and using skid roads, train roads and railroads
on and across the premises as they may deem necessary,
for a period of three years to remove the timber on the
premises and timber on lands adjoining, and the Smiths
agreed to pay, as full compensation for the timber and
privileges, lumber of the value of $200 to be delivered
according to the order of Steglich, and $500 to be paid
in cash in five installments, the last of which was on

March 4, 1894. When the contract was executed the Smiths were in partnership, doing business under the name of the Kent Mill Company. In June, 1894, a corporation was formed called the Kent Lumber Company, the incorporators of which were Lysander and A. E. Smith. On the 13th of June, 1894, the Smiths sold, assigned, transferred and set over to the defendant, the Kent Lumber Company, all their right, title and interest in and to the said agreement. At the time the contract was assigned to respondent, Kent Lumber Company, the Smiths had only paid about one-third of the purchase price of the timber. Steglich was adjudged insane in December, 1894, and appellant appointed as his guardian. The Smiths had cut and removed only a portion of the timber when the assignment was made. After his appointment as guardian of Steglich, appellant sought to enjoin respondent from cutting and removing timber, but was denied a permanent injunction, respondent claiming the right to take timber by virtue of the contract. In this action appellant sought to recover judgment against respondent and defendants Smith for the balance of the purchase price under the contract for the timber. After appellant's testimony was in, the superior court granted a motion for nonsuit in favor of the respondent. Appellant then dismissed his action against the Smiths without prejudice and appealed from the judgment of nonsuit in favor of the respondent. Without a specific promise to pay Steglich, or appellant, for the timber, it is difficult to see, under the terms of the agreement, how respondent can become bound for the purchase price. For a valuable consideration it purchased the contract and in the absence of fraud the presumption is that it became obligated to, or paid, the Smiths for the timber. In the agreement there does not seem to be any reservation of lien upon the timber for

the purchase price. The timber was sold to the Smiths. They and respondent cut and removed it immediately. Title passed at any rate as soon as it was severed from the land. The fact that the Smiths were given time to pay the purchase price instead of making a cash payment does not change the nature of the agreement.

The judgment of the superior court is affirmed.

SCOTT, C. J., and ANDERS, DUNBAR and GORDON, JJ., concur.